# United States District Court, Northern District of Illinois

(9)

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8375 | **DATE** | 5/24/2002 |
| **CASE TITLE** | Properties Unlimited, Inc. Vs. Cendant Mobility Services et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss counts I, II and III of plaintiff's complaint is granted. Since plaintiff has voluntarily dismissed count IV, plaintiff's complaint is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 28 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 MAY 24 AM 11:55 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROPERTIES UNLIMITED, INC. )
REALTORS, an Illinois corporation, )
)
Plaintiff, )
)
vs. ) No. 01 C 8375
)
CENDANT MOBILITY SERVICES, a )
Delaware corporation, CENDANT )
CORPORATION, a Delaware )
corporation, )
)
Defendants. )

DOCKETED
MAY 2 8 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Properties Unlimited, Inc. Realtors brings this action against Cendant Mobility Services (Cendant Mobility) and Cendant Corporation (Cendant) alleging common law fraud, violations of the Illinois Consumer Fraud and Deceptive Practices Act (ICFA), and breach of contract. Defendants move to dismiss the claims against them. For the following reasons, defendants' motion is granted.

## BACKGROUND

The facts of this case are taken from plaintiff's complaint. Plaintiff, a real estate brokerage firm incorporated in 1985, joined the Coldwell Banker Real Estate Corporation (Coldwell) network in 1990 as a conversion franchisee. Plaintiff participated in the Coldwell Relocation Plan through which it paid fees for referrals from the franchisor and other Coldwell offices. Based on its success with the referral program, plaintiff renewed its franchise agreement in 1995, effective through January 29, 2002.

Cendant allegedly acquired the franchisor of the Coldwell network in 1996, adding it to other national real estate brands already under its control. Cendant then moved to replace the Coldwell Relocation Plan with the Cendant Mobility Program. Cendant Mobility allegedly made a series of knowingly false oral representations to plaintiff designed to induce plaintiff to switch referral plans, including assurances that plaintiff would receive at least 25 per cent of all referrals in its trade area and would become the principal broker in its area at the earliest opportunity. It allegedly remained a Coldwell franchisee and signed a series of agreements with Cendant Mobility relying on these representations. Plaintiff now claims that it did not receive the referrals it was promised and was passed over when the opportunity arose to move it into the position of principal broker.

## DISCUSSION

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, we accept as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in a plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). A claim survives if relief can be granted under any set of facts that can be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While a complaint does not need to specify the correct legal theory to withstand a Rule 12(b)(6) motion, the complaint must allege all elements of a cause of action necessary for recovery. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985) *cert. denied* 475 U.S. 1047 (1986).

In count I, plaintiff claims that Cendant Mobility, on behalf of itself and Cendant, committed common law fraud when it allegedly made knowingly false statements to induce

plaintiff to remain a Coldwell franchisee and sign the Cendant broker agreements. To withstand a Rule 12(b)(6) motion this claim must include allegations of a false statement of material fact; knowledge or belief of its falsity by the person making the statement; intent to induce the other party to act; action by the other party in justifiable reliance on the truth of the statement; and damages resulting from such reliance. Barille v. Sears Roebuck and Co., 289 Ill.App.3d 171, 176, 682 N.E.2d 118, 123 (1st Dist. 1997).

Under the doctrine of merger, if a contract is complete on its face it supersedes all prior agreements on the same subject matter. *Id.* It follows that a party cannot justifiably rely on allegedly false inducements to enter into an agreement if the subject matter of the representations has been integrated into an unambiguous contract provision. Minasian v. Standard Chartered bank, PLC, 109 F.3d 1212, 1215 (7th Cir. 1997). If a contract is attached to a complaint, we can look to it in our analysis under Rule 12(b)(6). M J & Partners Restaurant Ltd. Partnership v. Zadikoff, 1998 WL 242613 (N.D.Ill. 1998).

Here the parties signed a series of annual contracts labeled Associate Broker Agreements, which are attached to plaintiff's complaint. The first contract, executed February 25, 1998, provides that Cendant Mobility will enlist plaintiff as an associate in its Cendant Mobility network in exchange for referral fees and commissions. The second contract, executed in December 1999, is more detailed regarding the parties' commitments and includes an integration clause which states that the agreement "constitutes the entire agreement and understanding between the parties hereto concerning the subject matter of this Agreement" (cplt.exh.E, p.7).

Allegedly, defendants' misrepresentations were inducements to keep plaintiff

committed as a Coldwell franchisee and described the benefits to plaintiff if it entered into a Cendant Mobility broker agreement. These statements fall within the subject matter of the Associate Broker Agreements. The 1998 and 1999 contracts are complete and unambiguous. Once these documents were signed, plaintiff was no longer justified in relying on the prior alleged promises.

Plaintiff asserts that even if the alleged statements were superseded by the contracts, it had already relied, to its detriment, on the statements before signing. To the extent that plaintiff's claim is not barred by the doctrine of merger, it fails because the alleged misrepresentations are promises of future conduct. Fraudulent promises are not actionable under Illinois law unless they are part of a scheme to defraud. <u>HPI Health Care Services v. Mt. Vernon Hospital, Inc.</u>, 131 Ill.2d 145, 168, 545 N.E.2d 672 (1989). A series of false promises are only actionable if either they are particularly egregious or they are "embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy." <u>J.H. Desnick, M.D. v. American Broadcasting Companies, Inc.</u>, 44 F.3d 1345, 1354 (7th Cir. 1995). In determining if plaintiff has stated a claim for promissory fraud we also take into account the vulnerability of the victim to the alleged promises. *Id.*

Plaintiff claims that defendants made a series of false promises regarding the benefits of switching from the Coldwell referral system to the Cendant referral system. Most of the alleged misrepresentations were general statements made to a group of Coldwell franchisees and fit well within the "realm of puffery, bragging, 'mere words,' and casual bonhomie, rather than to that of serious commitment." *Id.* The alleged statements made specifically to plaintiff

are the promises of referral percentages and the promise of plaintiff's eventual status as principal broker in its area. The only scheme alleged here was a sales pitch by Cendant to get plaintiff to sign on to the new referral plan, the terms of which are then laid out in the subsequent contracts. In light of plaintiff's background in this field, these alleged misrepresentations are not an "elaborate artifice of fraud ." *Id.* at 1345.

In count II, plaintiff claims a violation of the Illinois Consumer Fraud and Deceptive Practices Act (ICFA). Plaintiff asserts that it is a consumer within the scope of the ICFA, and as such it was misled, deceived, and damaged by Cendant Mobility's allegedly deceptive acts. Defendants contest plaintiff's status as a consumer to bring this claim and argue that plaintiff has failed to allege a deceptive act.

Plaintiff points to <u>Bixby's Food Systems, Inc. v. MacKay</u>, 985 F.Supp. 802 (N.D.Ill. 1997), to support it's position that a franchisee is a consumer under the ICFA. In <u>Bixby</u>, the court found that two individuals who purchased development and franchise rights were consumers of merchandise for purposes of the ICFA. *Id.* at 807, *citing* 815 ILCS § 505/1(b) and (e). In its discussion, the <u>Bixby</u> court focused on the alleged merchandise and found that the purchase of development and franchise rights brought the individuals within the definition of consumers. *Id.* Here we have two commercial entities entering into a contract to exchange fees and commissions for inclusion in a referral network. Plaintiff does not fit into the definition of consumer in this situation.

As a non-consumer, plaintiff may bring a claim only if it can allege a nexus between the complained-of conduct and consumer protection concerns. <u>Athey Products Corp. v. Harris Bank Roselle</u>, 89 F.3d 430, 437 (7th Cir. 1996). A plaintiff must plead that the alleged

conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns. *Id*; Downer's Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill.App.3d 524, 533, 546 N.E.2d 33, 4 (2nd Dist. 1989). One Illinois court has gone so far as to require that a plaintiff who is claiming an implication of consumer protection concerns must specifically plead that his actions were akin to a consumer's actions; how defendant's actions concerned consumers other than plaintiff; how defendant's actions involved consumer protection concerns; and how the requested relief would serve the interests of consumers. Brody v. Finch University of Health Sciences/The Chicago Medical School, 298 Ill.App.3d 146, 160, 698 N.E.2d 257, 269 (2nd Dist. 1998). Since plaintiff has failed to allege a nexus between the complained-of conduct and consumer protection concerns, it does not have standing to bring the ICFA claim in count II.

In count III, plaintiff claims Cendant Mobility breached a verbal contract when it allegedly failed to send plaintiff 25 per cent of the referrals in its area and make it the sole principal broker in the area at the first opportunity. Defendants argue that any alleged agreement merged into the later contracts, and as such plaintiff is barred from recovery. Plaintiff asserts that the alleged oral promises were part of a separate agreement and constitute a distinct contract from the later Associate Broker Agreements.

Allegedly, plaintiff agreed to become an associate broker as consideration for the promised percentage of referrals and eventual broker status. In attempting to identify what it offered in consideration for the alleged oral promises, plaintiff confirms that the subject matter of the alleged oral contract was the same as the later written contracts. As discussed above, any alleged oral agreements are superseded by the written contracts and are barred by

the parol evidence rule. *See* Barille, *infra*.

## CONCLUSION

For the above reasons, defendants' motion to dismiss counts I, II and III of plaintiff's complaint is granted. Since plaintiff has voluntarily dismissed count IV, plaintiff's complaint is dismissed.

                                                                                                      *James B. Moran*
                                                                                                      JAMES B. MORAN
                                                                                                      Senior Judge, U. S. District Court

May 24, 2002.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Properties Unlimited, Inc. etc.　　　　　　**JUDGMENT IN A CIVIL CASE**

　　　　v.　　　　　　　　　　　　　　　　Case Number: 01 C 8375

Cendant Mobility Services etc et al

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion to dismiss counts I, II and III of plaintiff's complaint is granted. Since plaintiff has voluntarily dismissed count IV, plaintiff's complaint is dismissed.

　　　　　　　　　　　　　　　　　　Michael W. Dobbins, Clerk of Court

Date: 5/24/2002　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Willie A. Haynes, Deputy Clerk