Mi... Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8375 | **DATE** | 9/25/2002 |
| **CASE TITLE** | Properties Unlimited, Inc. Vs. Cendant Mobility Services et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for reconsideration or for leave to amend its complaint is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 26 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| WAH | courtroom deputy's initials | 02 SEP 25 PM 1: 37 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROPERTIES UNLIMITED, INC. )
an Illinois corporation, )
 )
               Plaintiff, )
 )
      vs. )    No. 01 C 8375
 )
CENDANT MOBILITY SERVICES, a )
Delaware corporation, CENDANT )
CORPORATION, a Delaware corporation, )
and COLDWELL BANKER REAL ESTATE )
CORPORATION, f/k/a Coldwell Residential )
Affiliates, Inc., )
 )
               Defendants. )

DOCKETED
SEP 2 6 2002

## MEMORANDUM OPINION AND ORDER

On May 24, 2002, we dismissed Counts I, II, and III, all the counts then outstanding. Plaintiff now asks us to reconsider, tendering a proposed second amended verified complaint. We adhere to our original conclusion and deny the motion to reconsider.

The proposed complaint alleged that plaintiff became a franchisee of Coldwell Banker Real Estate Corporation (Coldwell) in 1990 in the Gurnee, Illinois, area. A particular attraction was the Coldwell Relocation Plan, which led to referrals of real estate brokerage business. For a while all went well, and plaintiff renewed its franchise agreement, effective as of January 29, 1995, and continuing until January 29, 2002. On December 17, 1997, as a result of acquisitions and mergers, Coldwell became a subsidiary of Cendant Corporation (Cendant), which also owned competing real estate franchise systems. This led to various meetings between plaintiff and Coldwell representatives, Cendant representatives, and Cendant

Mobility Services Corporation (Cendant Mobility) representatives.

Cendant Mobility, a Cendant subsidiary or affiliate, operated Cendant's referral program. Plaintiff alleges that it was told, among other things, that Cendant Mobility had an obligation under contract with Baird & Warner to direct all third party and pre-marketing referrals to Baird & Warner, but the agents did not know the expiration date. They hoped, however, to terminate it, and there would, in any event, be more referral business. Plaintiff was also told it would have to sign a new agreement. At about the same time, at other meetings, it was told by a Coldwell representative that it would be the only associate broker in the area and would get approximately 25 per cent of the referrals in the area. Representatives of all three companies also told plaintiff that once the Baird & Warner contract expired or terminated plaintiff would be the sole principal broker in the area. Relying upon these representations, plaintiff entered into an associate broker agreement on February 15, 1998, with Cendant Mobility and again on December 1, 1999. On September 15, 2000, and August 6, 2001, plaintiff executed amendatory agreements. Plaintiff continued to be told that it would become the sole principal broker in the area.

Plaintiff alleges that it never received any referrals from a referral network outlined in a 1999 Coldwell manual, the Cendant Global/Referral Network, and received precious few other referrals (they largely went to Baird & Warner); that there was another associate broker in the area; and that it was never made the principal broker. When it was offered the status of one of two principal brokers as of December 2002, it realized it had been lied to, and it terminated its franchise relationship upon its expiration.

The central problem with plaintiff's contentions is that it is advancing claims in the face

of a series of written contracts. It does not claim any breach of those written agreements by Cendant or Cendant Mobility (Coldwell has been dismissed as any disputes with Coldwell are to be arbitrated). None of those agreements contains any promises or representations about the volume of referrals, any exclusivity of the relationship, or any future status as a sole (or even "a") principal broker. The February 25, 1998, agreement is not elaborate, but the December 1, 1999, agreement most certainly is. There is, moreover, no allegation that the Baird & Warner contract had expired or been terminated, and the 1999 agreement expressly provided that it was the entire agreement and understanding concerning the subject matter, and upon its execution and delivery any previous agreements concerning the same or similar subject matter are cancelled.

This case illustrates the tension between contract law and torts. People are entitled to the judicial enforcement of contracts as written, not upon one party's view of how it should have been written. Commercial relationships rely upon the notion that the written agreement governs benefits and obligations. The stability of contracts is undermined when parol evidence of oral agreements or promises of future conduct are used to redefine relationships between parties.

Courts are accordingly wary of fraudulent promise allegations, recognizing the "risk of turning every breach of contract suit into a fraud suit, of circumventing the limitation that the doctrine of consideration is supposed however ineptly to place on making all promises legally enforceable... ." J.H. Desnick, M.D. v. American Broadcasting Companies, Inc., 44 F.3d 1345, 1355 (7th Cir. 1995). But there can be circumstances in which representations about future conduct are so egregiously false that they constitute an "elaborate artifice of

fraud," requiring judicial intervention. *Id.* at 1355. In delineating between actionable ploys to defraud and non-actionable unkept promises, courts identify a variety of angles from which to view the required elements of the claim. Did the party making the promises show their intent to defraud by engaging in an elaborate scheme of lies? <u>HPI Health Care Services v. Mt. Vernon Hospital, Inc.</u>, 131 Ill.2d 145, 545 N.E.2d 672 (1989); <u>Bower v. Jones</u>, 978 F.2d 1004, 1012 (7th Cir. 1992). Did the promises constitute a sales pitch that was aspirational rather than enforceable? <u>Speakers of Sport, Inc. v. Proserv, Inc.</u>, 178 F.3d 862, 866 (7th Cir. 1999). Was the claiming party justified in relying on the alleged representations? <u>Frances v. Bankcard of America</u>, 1999 WL 1289110, * 10 ("This contradiction between what he alleges was said orally and the proposed written contract should have put him on alert."); <u>Desnick</u>, 44 F.3d at 1354 (noting that the claimant was a successful professional who should have known better).

It boils down to this question. In light of the fully integrated contract governing the conduct between the parties, would Illinois permit plaintiff to go forward on its claims of oral promises of future benefits not included in the writing? We find no cases in the parties' briefs or in our own independent research that would support an affirmative answer.

Lastly, plaintiff is not a consumer under the Illinois Consumer Fraud Act and does not sufficiently allege a nexus between the alleged wrongdoing and consumer protection concerns. In contesting this finding, plaintiff presents the same arguments and caselaw as in its response to the motion to dismiss. We note that plaintiff, in its relationship to Cendant Mobility, was not a franchise using a franchisor's trademarks. Rather, the agreement related to the furnishing of referrals from one commercial enterprise to another, which the latter recognized

as not exceeding 20 per cent of its business.

For the reasons above, plaintiff's motion for reconsideration or for leave to amend its complaint is denied.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

_Sept. 25_, 2002.