# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8375 | **DATE** | 2/19/2003 |
| **CASE TITLE** | Properties Unlimited, Inc. Vs. Cendant Mobility Services etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for relief from judgment under Fed.R.Civ.P. 60(b)(6) or in the alternative to correct or modify the record under Fed.R.App.R. 10(E) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | FEB 20 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | 2003 FEB 19 PM 3:38 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PROPERTIES UNLIMITED, INC., an )
Illinois corporation, )
                         )
              Plaintiff, )
                         )
               vs. )     No. 01 C 8375
                         )
CENDANT MOBILITY SERVICES, a )
Delaware corporation, et al., )
                         )
            Defendants. )

DOC[...]
FEB 2 0 2003

## MEMORANDUM OPINION AND ORDER

This court granted defendants' motion to dismiss in a Memorandum Opinion and Order on May 24, 2002, terminating the case. That determination was entered on the docket on May 28, 2002. Plaintiff moved for reconsideration on June 13, 2002, more than ten days after the dismissal. The motion thus had to be pursuant to Federal Rule of Civil Procedure 60(b), and that meant that the appeal time continued to run. Stone v. Immigration and Naturalization Service, 514 U.S. 386 (1995). Concerned about that, plaintiff, on June 18, 2002, moved, among other things, for extension of the time to appeal. That was granted on June 19, 2002, which meant that the time to appeal was extended to July 26, 2002.

The modified briefing schedule took the briefing past that date, and on July 24, 2002, since we had not yet ruled, we struck the May 24, 2002, Memorandum Opinion and Order. By that time we were convinced that the motion for reconsideration merited careful consideration and, if we were to change our views, it made no sense to burden the Court of Appeals with an unnecessary appeal. Accordingly, at a time when an appeal was still timely, it was our intention to vacate any appealable order and to postpone any appeal until the ruling upon the motion for reconsideration determined whether the dismissal would stand.

We denied the motion for reconsideration on the merits in a Memorandum Opinion and

Order on September 25, 2002, after both plaintiff and defendants had fully briefed the substance of that motion. Plaintiff then filed an appeal. Defendants thereafter raised before the Court of Appeals the timeliness of the appeal. That led plaintiff to file the present motion, grounded upon Fed.R.Civ.P. 69(b) and Federal Rule of Appellate Procedure 10(e), to clarify that the judgment flowing from the May 24, 2002, Memorandum Opinion and Order should have been or had been vacated. We grant the motion.

Defendants contend that any appeal from the May 24, 2002, Memorandum Opinion and Order is untimely because the Judgment Order of that date was not expressly vacated by the order of July 24, 2002. This is a new contention and one that could have been raised during the briefing of the motion for reconsideration. In this court defendants asked for a substantive ruling on the motion, and they got it. They got it because the July 24, 2002, order expressly struck the May 24, 2002, Memorandum Opinion and Order (emphasis supplied). We acted on that date because the time to appeal a final judgment, once expired, cannot be revived. Gleash v. Yuswak, 308 F.3d 758 (7th Cir. 2002); Cody, Inc. v. Town of Woodbury, 179 F.3d 52 (2d Cir. 1999), and we had not yet had an opportunity to rule. We intended that the "Order" struck on July 24, 2002, encompass the Judgment Order (what else could it mean?), and we believe that Rule 60(b) relief, which we have power to grant despite the pendency of the appeal, Stone v. INS, *supra,* and Fed.R.App.P 10(e), both provide ample justification for granting the motion.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 19 , 2003.